UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY JAMES HOUSTON, | ) | CASE NO. 1:18 CV 0013 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Stanley James Houston filed this action against the Greater Cleveland Regional Transit Authority ("GCRTA"), claiming that he has received numerous tickets for non-payment of fares when he qualifies for reduced fares as a disabled person. He indicates he has the right of freedom of speech and is covered by the Bill of Rights in the United States Constitution. He does not indicate the relief he seeks.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the

Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

In this case, Plaintiff fails to identify a plausible federal cause of action in his Complaint. It is possible Plaintiff may be attempting to assert a claim under the Americans with Disabilities Act. Title II of the ADA prohibits a public entity from discriminating against disabled individuals and states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §

12132. The term "public entity" is defined, in relevant part, as "any State or local government." 42 U.S.C. § 12131(1)(A).

Plaintiff appears to allege that he was ticketed for failing to pay all or part of his transit fares. He contends GCRTA offers reduced fares to senior citizens and disabled individuals and provides a blank application form with his Complaint. He alleges he is entitled to reduced fares due to his disability, but he does not elaborate on his condition that he believes qualifies as a disability or whether he was approved by GCRTA for the fare reduction. He does not describe any incidents with respect to fare payment. He does not indicate that the mode of transportation he intended to take was inaccessible to him or denied to him due to his disability. He does not allege facts to suggest GCRTA violated the ADA.

To the extent Plaintiff intended to assert some other claim, it is not apparent on the face of the Complaint. Although the standard of review is liberal for *pro se* pleadings, it still requires the Plaintiff to give the Defendant fair notice of what the Plaintiff's claims are and the factual grounds upon which they rest. *Id*. at 726; *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). This Complaint does not meet these basic pleading requirements.

Finally, the Court takes notice that this is Plaintiff's twentieth case filed in this District Court to be dismissed at the pleading stage for failing to state a claim upon which relief may be granted.[1] Two other cases are still pending.[2] Up to this point, the Courts in this District have

---

[1] *See Houston v. University Hosp.*, No. 1:17 CV 1269 (N.D. Ohio Sept. 28, 2017)(Oliver, J.); *Houston v. U.S. Fed. Aids*, No. 1:17 CV 712 (N.D. Ohio Apr. 28, 2017)(Oliver, J.)*; Houston v. Soc. Sec. Admin.*, No. 1:17 CV 111 (N.D. Ohio Mar. 1, 2017)(Oliver, J.); *Houston v. Cuyahoga Cty Probate Ct.*, No. 1:16 CV 1206 (N.D. Ohio June 15, 2016)(Nugent, J.); *Houston v. Cuyahoga Cty Comm. Pl. Ct.*, No. 1:16 CV 75 (N.D. Ohio Mar. 7, 2016)(Oliver, J.); *Houston v. Soc. Sec. Admin.*, No. 1:16 CV 74 (N.D. Ohio Jan. 22, 2016)(Nugent, J.); *Houston v. Ohio Mental Health Serv.*, No. 1:16 CV 28 (N.D. Ohio Mar. 7, 2016)(Oliver, J.); *Houston v. Soc. Sec. Admin.*, No. 1:15 CV 2079

-3-

been tolerant of Plaintiff's *pro se* filings; however, there comes a point when the Court can no longer allow Plaintiff to misuse the judicial system at tax payer expense. Every paper that is filed with the Clerk of Court, no matter how repetitious or frivolous, requires some portion of the Court's limited resources to address it. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. *In re McDonald*, 489 U.S. 180, 184 (1989). The Court's ability to perform its duties is compromised when the Court must devote these limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991). After a careful review of Plaintiff's conduct in this and other cases filed in the Northern District of Ohio, this Court has determined that it is necessary to impose some restrictions on Plaintiff's ability to continue in this manner.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

---

(N.D. Ohio Nov. 17, 2015)(Oliver, J.); *Houston v. Cuyahoga Cty Probate Dept..*, No. 1:14 CV 2441 (N.D. Ohio Jan. 7, 2015)(Gwin, J.); *Houston v. Soc. Sec. Admin.*, No. 1:11 CV 2297 (N.D. Ohio Jan. 5, 2012)(Boyko, J.); *Houston v. Soc. Sec. Admin.*, No. 1:06 CV 2995 (N.D. Ohio Feb. 22, 2007)(Adams, J.); *Houston v. Cuyahoga Cty. Justice Cntr.*, No. 1:04 CV 2355 (N.D. Ohio Jan. 20, 2005)(O'Malley, J.); *Houston v. Cuyahoga Cty. Justice Cntr.*, No. 1:04 CV 507 (N.D. Ohio May 3, 2004)(Wells, J.); *Houston v. Shaker Hts. Mun. Ct.*, No. 1:04 CV 326 (Mar. 29, 2004)(Nugent, J.); *Houston v. Warden*, No. 1:03 CV 754 (N.D. Ohio June 17, 2003)(Wells, J.) *Houston v. Inmate Health Services*, No. 1:03 CV 663 (N.D. Ohio Aug. 1, 2003)(Wells, J.)*; Houston v. Cuyahoga Cty Comm. Pl. Ct.*, No. 1:03 CV 525 (N.D. Ohio May 13, 2003)(Gaughan, J.); *Houston v. Sensession*, No. 3:97 CV 7605 (N.D. Ohio Nov. 17, 1997)(Katz, J.); *Houston v. Allen Corr. Inst.,* No. 3:97 CV 7599 (N.D. Ohio Nov. 19, 1997)(Carr, J.).

² *See Houston v. Cleveland Clinic Medical Arts and Admin, Records, Charts and Pharmacy*, No. 1:18 CV 705 (N.D. Ohio filed Mar. 28, 2018)(Boyko, J.); *Houston v. Mental Health Services of Northeastern of Ohio*, No. 1:18 CV 939 (N.D. Ohio filed Apr. 24, 2018)(Polster, J.).

taken in good faith.[3]  Furthermore, Plaintiff is enjoined from filing any additional cases in the United States District Court, Northern District of Ohio, without first seeking and obtaining leave of court.  The Clerk's Office shall not accept, and shall return unfiled, any documents or pleadings except a Motion Seeking Leave to File an Action, unless and until leave is granted.

     IT IS SO ORDERED.

                                           s/ Christopher A. Boyko
                                           CHRISTOPHER A. BOYKO
                                           UNITED STATES DISTRICT JUDGE

DATED:  May 9, 2018

---

[3]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.